[No. 2743.]

J. M. ROBERTSON AND J. F. WHITWORTH *v.* THE STATE.

1. SCIRE FACIAS—RIGHT OF STATE TO NEW TRIAL.—*Scire facias* causes on forfeited bail bonds are criminal and not civil cases, and a judgment rendered for the defendant in such a case is conclusive. A new trial cannot be granted to the State, and if one be allowed the State, the further proceedings are *coram non judice* and void.

2. SAME—PRACTICE.—When in a *scire facias* case the original forfeiture or judgment *nisi* was defective, it was the duty of the State's counsel to have had the same amended and corrected before going to trial upon it.

ERROR from the District Court of Bosque. Tried below before the Hon. B. W. Rimes.

The writ of error in this case was prosecuted from the forfeiture of the bond of Frank Robertson, bailed under an indictment

charging him with horse theft. The amount of the bond and judgment was six hundred and fifty dollars.

*J. M. Maxcy* filed an able brief for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. This writ of error is prosecuted from a judgment final upon a forfeited bail bond.

It is shown in the record that on a former trial of the case there was a verdict and judgment rendered in favor of the defendants in the suit, plaintiffs in error. Upon motion of the county attorney that judgment was set aside, and a new trial was granted the State, and upon the same motion, and by the same order of the court, the judgment *nisi* was also set aside, and thereupon the bond was again declared forfeited, and a second judgment *nisi* rendered thereon; and it was upon this second judgment *nisi* that the judgment now before us was rendered and entered.

We have held at the present term that as a proceeding upon a forfeited bail bond is a *criminal* and not a *civil* action, the State is not entitled to a new trial, and that in such case when a judgment is rendered in favor of the defendant, it is conclusive, and terminates the suit finally. (*Perry* v. *The State, ante,* p. 166.)

If the original forfeiture or judgment *nisi* was defective, the county attorney should have had the same amended and corrected by proper motion, before proceeding to trial upon it. After trial and verdict and judgment for defendant, further proceedings were *coram non judice* and void. The judgment is reversed and the cause dismissed.

*Reversed and dismissed,*

Opinion delivered May 26, 1883.